IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROSA E. NIEVES-RIVERA [16],

Defendant.

CRIMINAL NO.  09-421 (JAG)
CRIMINAL NO.  09-422 (DRD)

## REPORT AND RECOMMENDATION

Defendant Rosa E. Nieves-Rivera was charged in Counts Eight and Seventy-Seven of the Indictment in Criminal Case Number 09-421 (JAG) and she agreed to plead guilty to Count Eight and to Count Two of the Indictment in Criminal Case Number 09-422 (DRD).  Count Eight of Indictment Cr. No. 09-421 (JAG) and Count Two of Indictment Cr. No. 09-422 (DRD) charge that, the defendant did knowingly and willfully conspire, combine, confederate and agree with each other and others known and unknown to the grand jury, to commit mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1349, that is, having devised and intending to devise a scheme and artifice to defraud AFLAC by submitting documents for non-existent injuries and to obtain money by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice and attempting to do so, did cause to be delivered by mail any such matter or thing; the object of the conspiracy and manners and means more fully described below: Count Eight of Cr. No. 09-421 (JAG) from January 2005 to November 2007 - Rosa E. Nieves-Rivera and her husband Israel Guzmán-Valle - policy no. B0338957 made a total of 149 false claims and received a total of $23,315.00; and Count

Two of Cr. 09-422 (DRD) from August 2008 to October 2008 - Rosa E. Nieves-Rivera and her husband Israel Guzmán-Valle - policy no. B0338957 made a total of 19 false claims and received a total of $2,845.00.

On July 19, 2010, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count Eight of the Indictment in Cr. No. 09-421 (JAG) and to Count Two of the Indictment in Cr. No. 09-422 (DRD),  upon being advised of her right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count Eight of the Indictment in Cr. No. 09-421 (JAG) and of Count Two of the Indictment in Cr. No. 09-422 (DRD), she was examined and verified as being correct that: she had consulted with her counsel, Anita Hill-Adames, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representatives and had time to discuss with

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictments and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt. Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf. She was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate herself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Hill-Adames, indicated she freely and voluntarily waived those rights and understood the

consequences.  During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty.  The penalty for the offense charged in Count Eight and Two of each indictment is a term of imprisonment of not more than twenty (20) years, and a fine not to exceed Two Hundred and Fifty Thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years in addition to any term of incarceration.

At the time of sentencing the defendant will pay a special assessment of one hundred dollars ($100.00) per count, to be deposited in the Crime Victim Fund, as required by Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

---

[2]Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same.  Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

Pursuant to said Agreement, and insofar as to Count Eight of the in Indictment Cr. No. 09-421 (JAG) and as to Count Two of Indictment in Cr. No. 09-422 (DRD), as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be.  Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

The above-captioned parties' estimate and agreement that appears on page three (3), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained.  Regarding Count Eight of Indictment Cr. No. 09-421 (JAG), pursuant to U.S.S.G. § 2B1.1(a)(1), the Base Offense Level is of Seven (7).  Specific Offense Characteristic (U.S.S.G. § 2B1.1(b)(1)(B)) the loss is more than $10,000.  However for purposes of this plea the loss used will be less than $10,000 which entails an increase of two (2) levels.  Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility.  Therefore, the Total Offense Level is of Seven (7), yielding an imprisonment range of zero (0) to six (6) months.

Regarding Count Two of Indictment Cr. No. 09-422 (DRD), pursuant to U.S.S.G. § 2B1.1(a)(1), the Base Offense Level is of Seven (7).  Specific Offense Characteristic (U.S.S.G. § 2B1.1(b)(1)(B)) the loss is less than $5,000.  Pursuant to U.S.S.G. § 3E1.1(a), a decrease of two (2) levels is agreed for acceptance of responsibility.  Therefore, the Total Offense Level is of Five (5), yielding an imprisonment range of zero (0) to six (6) months.

United States of America v. Rosa E. Nieves Rivera [16]
Criminal No. 09-421 (JAG)
Criminal No. 09-422(DRD)
Report and Recommendation
Page 6

If at the time of sentencing hearing the defendant possesses a Criminal History Category of One, the United States will recommend a sentence of two years probation for both cases. The sentence in both cases are run concurrently with each other.

Defendant understands that there is no stipulation as to defendant's Criminal History Category.

Pursuant to paragraph nine (9), the United States and the defendant agree that no further adjustments or departures to the defendant's total offense level shall be sought by the parties. Moreover, the defendant agrees that she will not seek under any of the factors contained in Title 18, United States Code, Section 3553, a sentence more lenient than the one detailed in the previous paragraph, as the same is reasonable sentence.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

At sentencing, the United States agrees to request the dismissal of the remaining counts pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to her, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within ten (10) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictments in open court because she is aware of their content. Defendant was shown a written document entitled "Government's Version of Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed herself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count Eight of the Indictment in Cr. No. 09–421 (JAG) and in Count Two of the Indictment in Cr. No. 09-422 (DRD) was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count Eight of the Indictment in Cr. No. 09–421 (JAG) and to Count Two of the Indictment in Cr. No. 09-422 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count Eight of the Indictment in Cr. No. 09-421 (JAG) and as to Count Two of the Indictment in Cr. No. 09-422 (DRD).

United States of America v. Rosa E. Nieves Rivera [16]
Criminal No. 09-421 (JAG)
Criminal No. 09-422(DRD)
Report and Recommendation
Page 9

**IT IS SO RECOMMENDED.**

The sentencing hearing will be set before Honorable Jay A. García-Gregory, District

Court Judge.

San Juan, Puerto Rico, this 20th day of July of 2010.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE